UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ****************************************** | CIV. ACTION NO.: |
| **CINDY LIRETTE TABOR** | |
| | JUDGE: |
| **VERSUS** | |
| | |
| **COX OPERATING, L.L.C.,** | MAG. JUDGE: |
| **ENERGY XXI GULF COAST, LLC F/K/A** | |
| **ENERGY XXI GULF COAST, INC.,** | |
| **ENERGY XXI GOM, LLC, AND** | |
| **LIFE LINE TECHNOLOGIES, LLC** | |
| ****************************************** | |

## COMPLAINT AND JURY DEMAND

NOW INTO COURT, comes plaintiff, Cindy Lirette Tabor, a person of the full age of majority, domiciled in the Parish of Terrebonne, State of Louisiana, who respectfully represents:

**I.**

Plaintiff, Cindy Lirette Tabor, was the wife of Richard Tabor (who died on September 14, 2018). Mr. and Mrs. Tabor had no children prior to Mr. Tabor's death and, as such, Mrs. Tabor is the sole proper party to bring this action under Louisiana Civil Code articles 2315.1 and 2315.2.

**II.**

Made defendants herein are:

A. Cox Operating, L.L.C. ("Cox"), a Louisiana limited liability company domiciled in East Baton Rouge Parish, State of Louisiana;

B. Energy XXI Gulf Coast, LLC f/k/a Energy XXI Gulf Coast, Inc. ("Energy XXI GC"), a foreign limited liability company licensed to do and doing business in the State of Louisiana and within this Judicial District;

1

C. Energy XXI GOM, LLC ("Energy XXI GOM"), a foreign limited liability company licensed to do and doing business in the State of Louisiana and within this Judicial District; and

D. Life Line Technologies, LLC ("Life Line") d/b/a Xstreme MD, a Louisiana limited liability company domiciled in Lafayette Parish, State of Louisiana.

### III.

Plaintiff's claims are brought pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq* and the laws of the State of Louisiana.

### IV.

This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 through the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*.

### V.

Defendants are justly and truly indebted to Plaintiff jointly, severally and *in solido* for all damages that are reasonable in the premises, together with legal interest from the date of the incident until paid and all costs of these proceedings, by reason of the following:

### VI.

At all times material hereto, Richard Tabor was employed by Sirius Technologies, LLC as an electrician and was assigned to work on a fixed platform in the Gulf of Mexico off the coast of Jefferson Parish, Louisiana, in West Delta Block 31 E, that is owned and operated by defendants Cox, Energy XXI GC and Energy XXI GOM.

### VII.

At all times material hereto, defendants Cox, Energy XXI GC and Energy XXI GOM contracted for medic services aboard the fixed platform to be provided by defendant Life Line. As

a result, and because of their contractual relationship, defendants Cox, Energy XXI GC and Energy XXI GOM are liable severally and *in solido* for their own actions and inactions as well as the actions and inactions of their subcontractor, defendant Life Line, under the legal principle of *respondeat superior* under Louisiana law.

### VIII.

On the night of September 13, 2018, Richard Tabor (sometimes referred to herein as the "Mr. Tabor" or "Decedent") was acting strange and erratically. Crew members on the platform suggested he see the medic on the platform. The medic, an employee of defendant Life Line (a subcontractor of defendants Energy XXI GC, Energy XXI GOM and Cox), told Mr. Tabor he was okay, and to go to bed. At that time, Mr. Tabor asked to be removed from the platform and be brought back to shore for his medical safety.

### IX.

In response to Mr. Tabor's request that he be brought ashore, defendants insisted that Mr. Tabor return to his room and go to bed. Defendants did not arrange transportation ashore for Mr. Tabor at that time.

### X.

Additionally, and despite acting erratically and requesting to be brought to shore immediately, defendants did not place Mr. Tabor under any sort of watch where he was monitored at any point during the night of September 13, 2019, or the morning of September 14, 2019, as they should have under the circumstances.

## XI.

When defendants finally checked on Mr. Tabor in the afternoon of September 14, 2019, to let him know that a transport helicopter was finally on its way to bring him ashore, defendants found that Mr. Tabor had committed suicide by hanging at some point during the night of September 13, 2019, or morning of September 14, 2019, because of defendants negligence and actions and inactions in violation of their duty.

## XII.

The above-described wrongful death was caused by the negligence, actions and inactions of defendants Cox, Energy XXI GC, Energy XXI GOM and Life Line, their agents, servants, employees, or others for whom they are legally responsible, in the following non-exclusive respects in breach of their duty of care owed to Mr. Tabor:

(A)   failing to provide plaintiff a reasonably safe place to work;

(B)   failing to provide plaintiff with safe equipment and appurtenances aboard their platform;

(C)   failing to provide proper equipment, safety equipment and safety personnel aboard its platform;

(D)   allowing unsafe safety practices;

(E)   failing to maintain the platform in a safe condition;

(F)   failing to provide plaintiff with the proper and necessary safety precautions;

(G)   negligently allowing a seriously dangerous condition to exist on the platform;

(H)   failing to maintain proper and necessary vigilance over plaintiff in light of the circumstances;

(I)   failing to bring plaintiff ashore as required by the circumstances; and

(H)     other acts of negligence and/or omissions which may be shown at trial of this matter.

### XIII.

Mr. Tabor lived from the time he hung himself until the time of his death on or about September 14, 2018, in excruciating pain and fear.

### XIV.

The foregoing breaches of duty by defendants directly and proximately caused Decedent's injuries and death, as well as Plaintiff's, Mrs. Tabor's, damages.

### XV.

Plaintiff is the proper party to assert a claim for Richard Tabor's survival action and for wrongful death damages under Louisiana Civil Code articles 2315.1 and 2315.2.

### XVI.

As a result of Mr. Tabor's death, Plaintiff asserts a survival action against Defendants and is entitled to recover all damages permitted by law, including lost wages, conscious physical pain and mental anguished suffered prior to Mr. Tabor's death, as well as reasonable medical and funeral expenses.

### XVII.

As a result of Mr. Tabor's death, Plaintiff asserts a wrongful death action against Defendants, and is entitled to recover all damages, whether past or future, permitted by law, including pecuniary loss; lost wages and support; mental anguish; loss of companionship and society; loss of care, maintenance, support, services, advice, counsel, and contributions; and fair compensation for the losses that occur with the destruction of the husband and wife relationship, including loss of love, affection, solace, comfort, companionship, society, emotional support,

guidance, and happiness under the Louisiana wrongful death statute.

## Jury Demand

Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, Cindy Lirette Tabor, prays that there be judgment in her favor and against defendants, Cox Operating, L.L.C., Energy XXI Gulf Coast, LLC f/k/a Energy XXI Gulf Coast, Inc., Energy XXI GOM, LLC and Life Line Technologies, LLC, in an amount sufficient to compensate her for the damages described above, for legal interest from date of injury, for attorneys' fees, all costs of this action, including expert expenses, and for all other general and equitable relief.

Respectfully submitted,

**THE CHOPIN LAW FIRM, LLC**

_/s/ Michael D. Letourneau_____
**Richard A. Chopin (La. Bar No. 4088)**
**Justin M. Chopin (La. Bar No. 31100)**
**Michael D. Letourneau (La. Bar No. 32556) (TA)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:    Dick Direct: 504-229-6682
              Justin Direct: 504-229-6681
              Mike Direct: 504-229-6685
Facsimile: 504-324-0640
Email: Rchopin@ChopinLawFirm.com
       Justin@ChopinLawFirm.com
       Mike@ChopinLawFirm.com
*Attorneys for Plaintiff, Cindy Lirette Tabor*