UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CINDY LIRETTE TABOR**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 19-11859**

**COX OPERATING, L.L.C., ET AL.**                                **SECTION "B"(1)**

ORDER AND REASONS

Considering plaintiff's unopposed motion to continue submission date and trial (Rec. Doc. 53) and motion to expedite consideration of plaintiff's motion to continue (Rec. Doc. 54),

**IT IS ORDERED** that the motion to expedite (Rec. Doc. 54) is **GRANTED** without need of further briefing or hearing; and

**IT IS FURTHER ORDERED** that the motion to continue (Rec. Doc. 53) is **DENIED**. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam). The court considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance

1

to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

Plaintiff requests a continuance because pending cross motions for summary judgment (Rec. Docs. 45, 47, 48) and motions in limine (Rec. Docs. 44, 50) are set for submission on Wednesday, April 27, 2022, but the parties have a settlement conference scheduled for two days before, on April 25, 2022. *See* Rec. Doc. 53 at 2. The pending motions were originally set for April 13, 2022, but on March 31, 2022, plaintiff submitted a consent motion to continue the April 13, 2022 submission dates until April 27, 2022, which this Court granted on April 4, 2022. All parties agree that if "the settlement conference was to occur before the submission deadline," then "a meaningful settlement conference may be difficult to achieve." *Id.* The parties request a new trial date to allow for more time between the submission date and any scheduled settlement conference. *Id.* Plaintiff adds that one of her attorneys recently had a baby in February 2022, which prohibits counsel "from returning to work in any meaningful full-time capacity." *Id.*

Self-imposed reasons for a delay do not amount to a showing of good cause. *See Squyres*, 782 F.3d at 238 (affirming a district court's decision to deny a motion to continue discovery deadlines because "the parties' delay in conducting discovery was self-imposed"); *Bilbe v. Belson*, 530 F.3d 314, 317 (5th Cir. 2008) (affording "district courts a great deal of deference in

2

determining whether to modify scheduling orders"); *Meaux*, 607 F.3d at 168 (affirming denial of continuance because "trial was imminent" and "unfortunate timing was largely defendants' fault"). It was plaintiff's own motion that precipitated the current submission date for the pending motions falling after the parties' scheduled settlement conference. *See* Rec. Doc. 51. Because a self-imposed reason for delay is not good cause for a schedule modification, the timing of parties' settlement conference and submission dates does not warrant a trial continuance. If the settlement conference scheduled before Magistrate Judge van Meerveld proves unsuccessful in achieving settlement, the parties can always request to schedule another settlement conference before their pre-trial conference, providing the Magistrate Judge's schedule allows for it.

Plaintiff also suggests that she may need additional time to "meaningfully oppose defendants' numerous motions" and requests that the submission deadline for the pending motions be moved to May. Rec. Doc. 53 at 2-3. While the Court is sympathetic to the fact that there are five pending motions in this case and one of plaintiff's attorneys very recently had a child, plaintiff has not explained why a little under a month is not sufficient time to oppose three motions and perhaps reply in support of her own two motions. *See generally* Rec. Doc. 53. There are three counsel listed as attorneys for plaintiff. Thus, even if one attorney is unable

3

to return "to work in any meaningful full-time capacity," plaintiff does not explain why her other two attorneys are unable to address the pending motions within the almost month-long time frame. *See* Rec. Doc. 53 at 2.

Furthermore, the instant matter has been pending since July 25, 2019. *See* Rec. Doc. 1. Although defendant does not oppose plaintiff's motion to continue, considering that this matter has been pending for close to three years, a trial continuance at this late stage may create prejudice. *See Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (finding plaintiff did not show good cause for changing a scheduling order when "doing so would have disrupted the trial date, which was less than a month away"); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 497 (S.D. Tex. 2009) (including whether an extension would delay trial as a factor in determining prejudice); *Knoth v. Apollo Endosurgery US, Inc.*, No. 5:18-cv-49-DCB-MTP, 2021 WL 5098285, at *3 (S.D. Miss. Nov. 2, 2021) (citing that the case "has been pending for nearly three and a half years" as a reason not to modify the scheduling order).

New Orleans, Louisiana this 13th day of April, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

4